IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

PAMELA TATE,

    Plaintiff,

vs.                                                No. 15-2602-SHL-dkv

UNITED TECHNOLOGIES,

    Defendant.
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On September 11, 2015, Pamela Tate ("Tate") filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act, against the defendant, United Technologies. (*Pro Se* Compl., ECF No. 1.) The complaint was accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on September 15, 2015, (ECF No. 6). Tate also filed a motion for appointment of counsel on September 11, 2015, (ECF No. 5), which the court denied on September 17, 2015, (ECF No. 7). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the

reasons that follow, it is recommended that Tate's claims for violation of Title VII of the Civil Rights Act of 1964, her claim for violation of the ADA, and any claim for retaliation be dismissed for failure to state a claim upon which relief can be granted.

I. PROPOSED FINDINGS OF FACT

To initiate this action, Tate filled out and filed a court-supplied complaint form entitled "Complaint" and checked the boxes "Title VII of the Civil Rights Act of 1964" and "Americans with Disabilities Act of 1990." (*Pro Se* Compl. ¶ 1, ECF No. 1.) In the complaint, Tate alleges that United Technologies discriminated against her by refusing to hire her and by failing to accommodate her disability. (*Id.* ¶ 6.) She listed April 20, 2015, as the date of the alleged discrimination. (*Id.* ¶ 7.) Tate states the basis of the discrimination is her disability which she describes as "carpel tunnel surgery both hands, right hand open for life [and] limitation lifetime never use air gun no lifting over 10 lbs., no repetitive motion when I was employed by United Technologies 1992-2000." (*Id.* ¶ 9.) In the space provided on the form complaint for stating the facts of her case, Tate wrote:

> On or about April 20, 2015, I spoke with Nancy (Sedona/Employment Agency) about a job opening at United Technologies. Nancy informed that the Technologies HR department stated I was not eligible for rehire. In June 2015, Larry Campbell, HR/United

2

> Technologies, and Toevon Scott, HR Manager United Technologies told me that I was not eligible for rehire. I believe I have been discriminated against when I was regarded as disabled and retaliated against in violation of the Americans with Disabilities Act, Amendment Act (ADAAA) and in violation of Title VII of the Civil Rights Act of 1964, as amended. When I was employed at United Technologies, I develope [sic] carpal tunnel and had surgery on my right and left hand due to carpal tunnel. My right hand was left open for life after surgery. The doctor place [sic] me on limitation to never use a[n] air gun, no repetitive motion and no lifting over 10 lbs. per MD order.

(*Id.* ¶ 10.)

Tate states in the complaint that she filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") on July 6, 2015. (*Id.* ¶ 12.) Attached to the complaint is an EEOC Charge of Discrimination dated August 14, 2015. (ECF No. 1-1.) The EEOC charge form provides a list of possible bases for the alleged discrimination, from which list the complainant is instructed to "Check appropriate box(es)." Tate checked the boxes corresponding to both disability and retaliation. (*Id.*) Tate then stated in her charge in the box provided for particulars:

> On or about April 20, 2015, I spoke with Nancy (Sedona/Employment Agency) about a job opening at United Technologies. Nancy informed me that United Technologies HR department stated I was not eligible for rehire. In June 2015, Larry Campbell, HR/United Technologies and Toevon Scott, HR Manager/United Technologies told me that I was not eligible for rehire.

> I believe I have been discriminated against when I was regarded as disabled and retaliated against in violation of the Americans with Disability Act, Amendment Act (ADAAA) and in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*)

The EEOC issued a notice of right to sue on September 3, 2015, a copy of which is attached to the complaint. (*Id.*) Tate states in her complaint that she received the notice on September 4, 2015. (*Pro Se* Compl. ¶ 14, ECF No. 1.) For relief, Tate seeks compensation for herself in the amount of "1.5 million [for] decrease[d] quality of life, depression, stress, hypertension, anxiety." (*Id.* at 6.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

>     (i)     is frivolous or malicious;
> 
>     (ii)    fails to state a claim on which relief may be granted; or
> 
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a

'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required to plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement," and the *McDonnell Douglas* framework is inapplicable where a plaintiff has direct evidence of discrimination. *Swierkiewicz*, 534 U.S. at 510-11. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id*. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(citation and internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Tate's Claims Under Title VII</u>

The complaint fails to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, because the complaint only asserts discrimination based on disability which is not an actionable basis for a discrimination claim under Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006).

In the instant case, Tate alleges that she was discriminated against solely based on her disability. Tate does not claim she is a member of a protected group under Title VII. Because Tate's disability does not place her in a Title VII-protected status, Tate's claim does not invoke Title VII. Accordingly, to the extent Tate seeks to recover under Title VII, her complaint fails to state a claim upon which relief can be granted.

D.   Tate's ADA Discrimination Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of

8

employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A *prima facie* case of disability discrimination under the ADA requires that a plaintiff show: "1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(internal citation and quotation marks omitted)(citing *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)).

The factual allegations in the complaint are insufficient for the court to infer the essential elements of a disability discrimination claim under the ADA and to put United Technologies on fair notice of Tate's claim and the grounds upon which it rests. The complaint fails to identify the job Tate applied for and the essential functions of the job and whether she could perform the essential functions with or without accommodations. Accordingly, it is recommended that Tate's discrimination claim under the ADA be dismissed for failure to state a claim.

E. <u>Tate's Claims for Retaliation</u>

Although Tate did not check the box for retaliation in Paragraph 6 of the form complaint, Tate alleges in the space provided on the form complaint for stating the facts of her case that "I believe I have been discriminated against when I was regarded as disabled and retaliated against in violation of the Americans with Disabilities Act, Amendment Act (ADAAA) and in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Pro se* Compl. ¶ 10, ECF No. 1.) It is not clear whether the retaliation claim is brought under Title VII or the ADA. In any event, Tate fails to state a claim for retaliation.

To establish a *prima facie* claim of retaliation, a plaintiff must show (1) that she engaged in protected activity; (2) that the employer was aware of her protected activity; (3) that the employer subsequently took an adverse employment action against her; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008).

The complaint contains no allegations whatsoever that Tate engaged in any protected activity. Thus, the complaint fails to state a claim for retaliation, and it is recommended that Tate's retaliation claim be dismissed for failure to state a claim.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Tate's complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 25th day of September, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.